UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17-CR-55-RLM |
| ) | |
| EDWARD BISHOP ) | |

OPINION and ORDER

Edward Bishop has filed several motions to the court seeking post-trial relief. For the reasons that follow, the court denies relief.

On March 26, 2018, Mr. Bishop filed a motion for a suppression hearing, a Franks hearing, and grand jury transcripts. Those are motions that must be made before trial. *See* Fed. R. Crim. P. 12(b)(3). The court has authority to set a deadline for filing pretrial motions, and can modify the deadline any time before trial. Fed. R. Crim. P. 12(c)(1), (2). A motion made after the deadline is untimely, though the court can consider the matter if the defendant shows good cause. Fed. R. Crim. P. 12(b)(3).

The court extended the deadline for Mr. Bishop to file pretrial motions until November 13, 2017 [Doc. No. 42], and Mr. Bishop (through counsel) filed a timely motion to suppress [Doc. No. 45], which the court denied in a written opinion on November 30 [Doc. No. 50]. Mr. Bishop's trial began on December 11, 2017 and concluded with a guilty verdict the next day. Mr. Bishop filed this motion on March 26, 106 days after the trial began. As mentioned above, his filing shows no

good cause to consider so untimely a filing, so the court DENIES AS UNTIMELY Mr. Bishop's motion for a suppression hearing, a Franks hearing, and grand jury transcripts [Doc. No. 104].

The court turns to the motion for a new trial. Mr. Bishop was charged with discharge of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of marijuana with the intent to distribute under 21 U.S.C. § 841(a)(1). Mr. Bishop moved to suppress the evidence seized from his cell phone, contending that the search warrant failed to specify with particularity a description of the items to be seized. The court denied the motion to suppress on November 30 [Doc. No. 50]. The case went to trial in December. The court denied Mr. Bishop's motion for acquittal at the close of the government's case in chief [Doc. No. 65]. The jury found Mr. Bishop guilty on all counts [Doc. No. 66].

Mr. Bishop is now before the court on his motion for new trial, asking that the court to vacate the jury's verdict and order a new trial. Fed. R. Crim. P. 33 governs motions for new trial, and provides that: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires . . . ." Rule 33 motions are to be granted "sparingly and with caution," and only in "exceptional cases." United States v. Reed, 875 F.2d 107, 113 (7th Cir. 1989); *see also* United States v. DePriest, 6 F.3d 1201, 1216 (7th Cir. 1993); United States v. Morales, 902 F.2d 604, 605-606 (7th Cir. 1990).

Mr. Bishop argues that he is entitled to a new trial under Fed. R. Crim. P. 33, because the court erred in denying his motion to suppress and in allowing the government to introduce evidence retrieved from his cell phone and his automobile. The court previously considered Mr. Bishop's argument about the evidence retrieved from his cell phone, gave detailed reasons for rejecting it on November 30, and sees no reason to add anything to that ruling. With respect to the newly raised argument concerning the automobile and affidavit(s), Mr. Bishop didn't raise the argument before trial and didn't show good cause for not raising the argument before trial. *See* Fed. R. Crim. P. 12(b)(3)(C). Mr. Bishop's argument for the court to suppress the evidence is waived.

Next, Mr. Bishop argues that the affidavit used to secure the search warrants contained falsified information and that a hearing should be held pursuant to Franks v. Deleware, 438 U.S. 154 (1978). A defendant may establish a constitutional violation under Franks by showing an intentional or reckless omission of evidence, but the facts withheld also must be material to the probable cause determination. Whitlock v. Brown, 596 F.3d 406, 410 (7th Cir. 2010).

The government responds that Mr. Bishop hasn't identified which statements in the affidavit were allegedly false. Mr. Bishop appears to claim simply that there were conflicting accounts from witnesses, that some of those accounts were false, and that some of those accounts didn't implicate him. That, the government says, was precisely why police sought a search warrant—they were

3

attempting to unravel and test the variety of witness accounts. Discrepancies in witness stories were disclosed to state court when the warrant was sought. Mr. Bishop makes several arguments in reply: there are several "inconsistencies" between the affidavit(s) and the officer's testimony at trial; "the warrant itself does not state what the AUSA is stating in [the response to Mr. Bishop's motion to suppress]. The AUSA is using his power to mislead the court"; and the "context of the search warrant has been changed," because the warrant was related to two Indiana state charges instead of his federal offenses.

The court and the government were well aware that the witnesses made inconsistent statements, and the government conceded to such in its response to Mr. Bishop's motion to suppress.[1] But the affidavit doesn't show that the detective made a "reckless or intentional" omission of evidence. An affidavit supporting a warrant must be "read as a whole and in a realistic and common sense manner." United States v. Norris, 640 F.3d 295, 302 (7th Cir. 2011) (*citing* United States v. Wiley, 475 F.3d 908, 915 (7th Cir.2007) (*quoting* United States v. Newsom, 402 F.3d 780, 782 (7th Cir. 2005))). Other aspects of the affidavit—(1) the Wal-Mart parking lot surveillance video; (2) the officer locating the casing to the gun used on the shooting, along with shattered glass; (3) the victim's vehicle found with a

---

[1] The government does not vouch for the truthfulness of all statements given by Ms. Ratliff or her companions during the police investigation. Indeed, subsequent investigation revealed that the statements—although partially true—also contained significant omissions (including the fact that the arranged meeting was actually a drug transaction, rather than an innocuous financial transaction). Still, these statements were part of the information available to police in the initial steps of the unfolding investigation. (Government's response, [Doc. No. 47]).

broken front window; and (4) statements from witnesses placing Mr. Bishop at the scene with the victim—all strongly suggest that there was a shooting in the course of a drug transaction. *See* United States v. Norris, 640 F.3d at 302. Detective Ticknor's omissions weren't material to the probable-cause determination. Mr. Bishop's last argument is without merit; the changes listed in the search warrant are immaterial to the constitutionality of the search warrant.

Mr. Bishop also brings an infective assistance of counsel claim against his former attorney, David Wemhoff. Mr. Bishop says that Mr. Wemhoff "did not represent [Mr. Bishop] to the best of his abilities." Mr. Bishop says Mr. Wemhoff didn't ask questions that he wanted him to ask, and didn't raise the argument that the detectives were "stating perjury" during live testimony. Mr. Wemhoff allegedly told Mr. Bishop that "it was his call not to" raise the questions Mr. Bishop wanted him to ask. Mr. Bishop points to Strickland v. Washington, 466 U.S. 668 (1984) to assert that Mr. Wemhoff's representation fell below the "objective standards of reasonableness" and, as a result, Mr. Bishop has "suffered prejudice."

To prevail on his ineffective assistance of counsel claim, Mr. Bishop must satisfy the two-prong test under Strickland v. Washington. He must show that his "counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." Cooper v. United States, 378 F.3d 638, 640–641 (7th Cir. 2004) (*quoting* Massaro v. United States, 538 U.S. 500, *citing, inter alia,* Strickland v.

5

Washington, 466 U.S. at 688-694). Defense counsel is "strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." United States v. Traeger, 289 F.3d 461, 470 (7th Cir. 2002). Courts "presume that counsel made reasonable strategic choices unless the defendant presents evidence rebutting that presumption." Id. at 472.

Mr. Bishop can't establish that the detectives committed perjury during live testimony. Mr. Wemhoff's decision to refrain from asking questions was in the exercise of his reasonable professional judgment, and because no error exists, Mr. Bishop can't show that he was prejudiced as a result. Accordingly, the court DENIES Mr. Bishop's motion for new trial [Doc. No. 92].

SO ORDERED.

ENTERED:   April 4, 2018.

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: Edward Bishop